IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASHLEY PAROBEK, as personal representative OF the Estate of WARREN HARDING CHRISTIAN III, deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>P.O. SCHEERINGA, Star No. 334, Individually, and the Village of Lansing,<br><br>    Defendants. | Case No.: 16 CV 5790<br><br>**JURY DEMANDED** |

## SECOND AMENDED COMPLAINT

NOW COMES the Plaintiff, ASHLEY PAROBEK, as personal representative of the Estate of WARREN HARDING CHRISTIAN, III, deceased, by and through her attorneys, ED FOX & ASSOCIATES, LTD. and ROMANUCCI & BLANDIN, LLC, and complaining against Defendant, P.O. JOSHUA SHEERINGA, individually, and the VILLAGE OF LANSING as follows:

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

1

## PARTIES

3. The Estate of WARREN HARDING CHRISTIAN, III, by and through Ashley Parobek, as personal representative of the Estate of WARREN HARDING CHRISTIAN, III, deceased, was at all relevant times, a resident of East Chicago, Indiana.

4. Defendant, VILLAGE OF LANSING, is a municipal corporation organized under the laws of the State of Illinois.

5. On and before May 26, 2016, and at all relevant times hereto, the Defendant, VILLAGE OF LANSING, a municipal corporation, maintained, as a division of said municipal corporation, a certain police department, commonly referred to as the Lansing Police Department.

6. The Defendant, P.O. JOSHUA SCHEERINGA ("Sheering"), was at all relevant times, a duly appointed law enforcement officer employed by the VILLAGE OF LANSING and acting within the scope of his employment and under color of law.

## STATEMENT OF FACTS

7. On or about May 26, 2016, the decedent, WARREN HARDING CHRISTIAN, III, went to the Ultra Supermarket on 167th and Torrence in Lansing, Illinois and was alleged to have attempted to steal some meat to feed his mother and family.

8. Upon attempting to leave the supermarket, an officer of the Lansing Police Department attempted to apprehend him.

9. On information and belief, a struggle ensued and this officer's gun went off injuring the officer.

10. The Defendant Scheeringa arrived on the scene.

11. Shortly after the arrival of Scheeringa, the decedent, WARREN HARDING CHRISTIAN, III, was walking through the parking lot of the supermarket.

12. The Defendant, Scheeringa, then shot the decedent in the back as he was walking through the parking lot. The decedent, Warren Harding, was not posing a threat to anybody as he was walking through the parking lot.

13. Some time after being shot, the decedent died in a hospital as a result of being shot.

14. The actions of the Defendant, Scheeringa in shooting the decedent in the back were without just cause.

15. This use of deadly force was unnecessary and unreasonable.

16. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, loss special damages, humiliation and indignities, and suffered great mental and emotional pain and suffering all to its damage in an amount to be ascertained.

17. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

18. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

19. Ashley Parobek, on behalf of the heirs and next-of-kin (including herself), claims damages for the wrongful death of Warren Christian III, and for the loss of his services, protection, care, future income, assistance, society, companionship, comfort, guidance,

counsel and advice, as well as for their mental anguish caused by this loss, as well as for funeral and other expenses and damages pursuant to 740 ILCS § 180/1, commonly referred to as the Illinois Wrongful Death Act.

## COUNT I
## PLAINTIFF, THE ESTATE OF WARREN HARDING CHRISTIAN, III, AGAINST SCHEERINGA FOR 42 U.S.C. § 1983 EXCESSIVE USE OF FORCE

20. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through nineteen (19) hereat as though fully set forth at this place.

21. The acts of Sheeringa in shooting Warren Christain III was an excessive use of force.

22. The aforementioned conduct of Sheeringa constituted excessive force in violation of the United States Constitution.

23. At all material times, Sheeringa was acting under color of state law as agent and employee of Defendant VILLAGE OF LANSING.

24. At all material times, Defendant Sheeringa did not have a reasonable fear of imminent bodily harm when he shot and killed Plaintiff nor did he have a reasonable belief that any other person was in danger of imminent bodily danger from Mr. Christian.

25. The aforementioned conduct of Defendant Sheeringa was objectively unreasonable.

26. As a result of Defendant Sheeringa's unjustified and excessive use of force, Mr. Christian experienced conscious pain and suffering.

27. Said actions of the Defendant, were in violation of the decedent, WARREN HARDING CHRISTIAN, III's Fourth and Fourteenth Amendment rights as protected by 42 U.S.C. §1983.

28. As a result of said actions of the Defendant, Scheeringa, the decedent, WARREN HARDING CHRISTIAN, III, and the Plaintiff's estate experienced damages as set forth above, including pain and suffering, loss of life and loss of the enjoyment of life.

## COUNT II
## PLAINTIFF, THE ESTATE OF WARREN HARDING CHRISTIAN, III, AGAINST ALL DEFENDANTS FOR THE STATE LAW TORT OF BATTERY

29. The Plaintiff, Ashley Parobek, as personal representative of the Estate of WARREN HARDING CHRISTIAN, III, deceased, re-alleges paragraphs one (1) through nineteen (19) as though fully set forth herein.

30. The actions of the Defendant, Scheeringa, as set forth above, constitute an unpermitted, harmful and offensive physical contact upon the person of Mr. Christian.

31. The actions of the Defendant, Scheeringa, as set forth above, constitute a battery under Illinois state law.

32. At all times relevant hereto, Defendants had a duty to exercise care so as to avoid causing willful and wanton injury and/or harmful or offensive contact to the person of Mr. Christian.

33. As a result of the actions of the Defendant, Scheeringa, the decedent, WARREN HARDING CHRISTIAN, III, experienced pain, suffering, the loss of life and all damages set forth above.

34. The Defendant, the Village of Lansing, is liable as a result of the doctrine of *respondeat superior*.

## COUNT III
## PLAINTIFF, THE ESTATE OF WARREN HARDING CHRISTIAN, III, AGAINST ALL DEFENDANTS FOR WRONGFUL DEATH

35. The Plaintiff, Ashley Parobek, as personal representative of the Estate of WARREN HARDING CHRISTIAN, III, deceased, re-alleges paragraphs one (1) through nineteen (19) as though fully set forth herein.

36. The actions of Defendant, Scheeringa, as alleged hereinabove caused the wrongful death of the decedent WARREN HARDING CHRISTIAN, III, in violation of ILCS 740 ILCS 180/1 et. seq.

37. The Defendant, the Village of Lansing, is liable as a result of the doctrine of *respondeat superior.* At the time of his death, decedent Mr. Christian was survived by his wife Sherry Christian, and his children Ashley Parobek, Warran Parobek IV, and Josh Nelson.

38. Ashley Parobek, on behalf of the heirs and next-of-kin (including herself), claims damages for the wrongful death of Warren Christian III, and for the loss of his services, protection, care, future income, assistance, society, companionship, comfort, guidance, counsel and advice, as well as for their mental anguish caused by this loss, as well as for funeral and other expenses and damages pursuant to 740 ILCS § 180/1, commonly referred to as the Illinois Wrongful Death Act.

### COUNT IV
### PLAINTIFF, THE ESTATE, OF WARREN HARDING CHRISTIAN, III, AGAINST ALL DEFENDANTS FOR SURVIVAL ACTION

39. The Plaintiff, Ashley Parobek, as personal representative of the Estate of WARREN HARDING CHRISTIAN, III, deceased, re-alleges paragraphs one (1) through nineteen (19) as though fully set forth herein.

40. After the decedent was shot, he survived for a period of time before he died.

41. As a direct and proximate cause of the conduct of the Defendant, Scheeringa, the decedent, WARREN HARDING CHRISTIAN, III, suffered pain and suffering, mental trauma, fear, anxiety and eventually death.

42. The Defendant, the Village of Lansing, is liable as a result of the doctrine of *respondeat superior.*

43. As a direct and proximate result of one or more of the Defendants' actions and/or omissions, Decedent Mr. Christian, suffered injuries of a personal and pecuniary nature including, but not limited to, hospital, medical and related expenses, disability and disfigurement, pain and suffering, and physical loss of chance of survival that Mr. Christian would have been entitled to receive compensation from the Defendants for these injuries, had he survived.

44. This cause of action arises under the Survival Act, codified at 755 ILCS 5/27-6, and is brought by, Ashely Parobek, personal representative of the Estate of WARREN HARDING CHRISTIAN, III, deceased, to recover all damages suffered by the decedent prior to his death.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, by and through her attorneys, ED FOX & ASSOCIATES, LTD. and Romanucci & Blandin, LLC, requests judgment on all counts, as follows, against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's and Plaintiff's heirs general damages, including emotional distress, medical expenses, and funeral expenses in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's and Plaintiff's heirs special damages;

3. That the Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants, except the Village of Lansing, be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

s/Edward M. Fox.
Edward M. Fox
ED FOX & ASSOCIATES, LTD.
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877


Bhavani Raveendran
**ROMANUCCI & BLANDIN, LLC**
321 North Clark Street
Suite 900
Chicago, IL 60654
 (312) 458-1000

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

s/Edward M. Fox.
Edward M. Fox
ED FOX & ASSOCIATES, LTD.
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877
